UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11678WGY

| | |
|---|---|
| PAUL ANTONELLIS, JR.<br>Plaintiff,<br><br>v.<br><br>TOWN OF SALISBURY AND TIMOTHY MCINERNEY,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY DEMAND OF DEFENDANTS,
TOWN OF SALISBURY AND TIMOTHY MCINERNEY, TO
PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, in that the defendants have no obligation to pay the plaintiff any amount of the loss or damages alleged.

**THIRD DEFENSE**

The defendants, Town Of Salisbury and Timothy McInerney, respond to the allegations in the plaintiff's Complaint as follows:

**JURISDICTION**

This paragraph of the plaintiff's Complaint states a legal conclusion to which no responsive pleading is required. Nonetheless, the defendants deny that this Court has jurisdiction over this matter.

**PARTIES**

1. The defendants neither admit nor deny the allegations contained in sentence one of this paragraph because they have no personal knowledge of same. The defendants deny that the plaintiff was employed as Fire Chief at all times material hereto and call upon the plaintiff to prove those allegations.

2. The defendants admit the allegations contained in this paragraph.

934173v1

3. The defendants agree that Timothy McInerney is a resident of the Commonwealth of Massachusetts. The defendants deny that Timothy McInerney was employed as Town Manager at all times material hereto and call upon the plaintiff to prove those allegations.

## COMMON FACTS

4. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

5. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

6. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

7. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

8. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

9. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

10. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

11. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

12. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

13. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

14. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

15. The defendants neither admit nor deny the allegations contained in this paragraph because they have no personal knowledge of same. The defendants call upon the plaintiff to prove those allegations.

16. The defendants neither admit nor deny the allegations contained in sentence one of this paragraph because they have no personal knowledge of same and call upon the plaintiff to prove same. The defendants agree with the statement in the second sentence of this paragraph.

17. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

18. The defendants neither admit nor deny the allegations contained in this paragraph because they have no personal knowledge of same and call upon the plaintiff to prove those allegations.

19. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

20. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

### COUNT ONE – ADA – 42 U.S.C. 12101, et seq.

21. The defendant repeats and realleges its responses to Paragraphs 1 through 20 as if set forth in full herein.

22. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

23. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

24. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

25. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

26. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

934173v1

27. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

### COUNT TWO – MASSACHUSETTS GENERAL LAWS CHAPTER 151B

28. The defendant repeats and realleges its responses to Paragraphs 1 through 27 as if set forth in full herein.

29. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

### COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The defendant repeats and realleges its responses to Paragraphs 1 through 29 as if set forth in full herein.

31. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

32. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

33. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

### COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. The defendant repeats and realleges its responses to Paragraphs 1 through 33 as if set forth in full herein.

35. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

36. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

37. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

The defendants deny that the plaintiff is entitled to any relief pursuant to Counts One through Four of the instant Complaint.

934173v1

WHEREFORE, the defendants Town Of Salisbury And Timothy McInerney demand that the complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

## AFFIRMATIVE DEFENSES

### FOURTH AFFIRMATIVE DEFENSE

The defendants are guilty of no negligence.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are barred for failing to comply with the notice requirements of M.G.L. c. 258, §4 in that the notice was not sent within two years after the date upon which the cause of action arose.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims is barred for failing to comply with the presentment requirements of M.G.L. c. 258, §4 in that the plaintiff failed to set forth the factual basis of his claim against the defendant.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim, pursuant to M.G.L. c. 258, must fail in that this action has been filed prematurely. M.G.L. c. 258, § 4.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail in that the plaintiff did not comply with the presentment requirements in M.G.L. c. 258, §4.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state, that this action is barred pursuant to M.G.L. 258, §10(a).

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that this action is barred pursuant to M.G.L. c. 258, §10(b).

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that it is immune from liability pursuant to M.G.L. c. 258, §10(c).

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state the plaintiff's recovery is barred by virtue of M.G.L. c. 258, §10(j).

### THIRTEENTH AFFIRMATIVE DEFENSE

934173v1

By way of affirmative defense, the defendants state that plaintiff's negligence claims are limited and governed by the provisions of M.G.L. c. 258.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff was unable to perform the essential functions of his job with or without accommodations.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that it has made a good faith effort to provide a reasonable accommodation to the plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff was not a qualified handicapped person.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that it had no obligation to accommodate the plaintiff since his employment would have caused a direct threat to his health or the health and safety of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim must fail since he failed to satisfy the conditions precedent before he filed suit in this court.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's request for "accommodation" is unreasonable and/or would pose an undue hardship upon the defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state the plaintiff is estopped from recovering in this action by way of his own failure to cooperate.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they had no obligation to accommodate the plaintiff since his employment would have caused a direct threat to his health or the health and safety of others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim against Town of Salisbury must fail since it was not named in plaintiff's MCAD and EEOC complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim against Timothy McInerney must fail since he was not named in plaintiff's MCAD and EEOC complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot prove that the defendant's actions were motivated by discriminatory animus.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to set forth an actionable claim for retaliation since he failed to make this allegation in the complaints that he filed with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission and, thus, is precluded from raising them at this time.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot recover punitive damages against the defendant since there is no evidence that the defendant engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the plaintiff's rights.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that it is immune from suit because of the doctrine of qualified immunity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants are not required to make accommodations or modifications for the plaintiff since doing so would fundamentally alter the nature of the service, programs or activity and, thus, are not reasonable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since he is not a member of any protected class.

### THIRTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has not set forth an actionable claim against the defendant since it is not subject to individual liability.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendant's decisions and actions were based on legitimate non-discriminatory reasons.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs' claim must fail since he has not suffered any physical harm.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for emotional distress must fail since the workers' compensation act provides him exclusive remedy for personal injuries arising out of employment.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for negligent infliction of emotional distress is not viable against Timothy McInerney as a public employee pursuant to M.G.L. c. 258.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to recover because of his failure to mitigate damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim must fail since the defendants' actions were based on good cause.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the negligence of the plaintiff contributed to the injuries and damages alleged, and such negligence should reduce or bar the plaintiff's recovery in accordance with M.G.L. c. 231, §85.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they cannot be liable for punitive damages or interest.   42 U.S.C. §1983, M.G.L. c. 258, §2.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to bring his claims within the appropriate statutes of limitations.

### FORTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has not set forth an actionable claim against the defendant pursuant to Title VII of the Civil Rights Act since they are not subject to individual liability.

### FORTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim under Title VII must fail since there is no jurisdiction under Title VII.

### FORTY-SECOND AFFIRMATIVE DEFENSE

934173v1

By way of affirmative defense, the defendants state that the plaintiff's claims must fail because he did not comply with the Notice of Right to Sue issued by the United States Equal Opportunity Commission.

### FORTY-THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that process was deficient.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that service of process was deficient.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are frivolous, wholly insubstantial and not advanced within good faith within the meaning of M.G.L. c. 231, §6F and, therefore, the defendants are entitled to attorneys fees and costs.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are frivolous, wholly insubstantial and not advanced within good faith and, therefore, the defendants are entitled to attorneys fees and costs pursuant to Federal Rule of Civil Procedure 11(c).

### JURY CLAIM

The defendants, Town Of Salisbury And Timothy McInerney, demand a trial by jury on all issues.

> The Defendants,
> Town Of Salisbury And Timothy McInerney
> By their attorneys,
>
> MORRISON MAHONEY LLP
>
>
> /s/ *Gareth W. Notis*
> Gareth W. Notis, BBO # 637814
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

934173v1