UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| PAUL ANTONELLIS, JR. | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: 04-11678LTS |
| v. | ) | |
| | ) | |
| TOWN OF SALISBURY AND TIMOTHY | ) | |
| MCINERNEY, | ) | |
| Defendants | ) | |

**JOINT STATUS MEMORANDUM IN LIEU OF DECEMBER 8, 2005
STATUS CONFERENCE**

The plaintiff, Paul Antonellis, Jr., and the defendants, Town of Salisbury and Timothy McInerney, hereby submit this Joint Status Memorandum in lieu of a Status Conference before this Honorable Court on Thursday, December 8, 2005. The parties state the following:

**I.      Status of Plaintiff's Disability Retirement Proceedings**

As previously reported by the parties, the plaintiff, Paul Antonellis, Jr., has filed an application for permanent disability retirement with the Essex Regional Retirement Board ("ERRB"). The defendant, Town of Salisbury, did not, and never has, disputed or intervened in the retirement proceeding.

Initially, during 2004, Mr. Antonellis' application was denied by the ERRB. The decision was appealed to the Massachusetts Division of Administrative Law Appeals ("DALA") which determined that Mr. Antonellis was entitled to permanent disability. The ERRB appealed the decision to the Massachusetts Contributory Retirement Appeals Board ("CRAB"). CRAB agreed with DALA and found that ERRB had applied the incorrect standard of review to Mr. Antonellis' application. The matter was remanded by

to the ERRB by CRAB on February 23, 2005 for adjudication using the appropriate standard of review.

During the Summer of 2005, the ERRB, after the second adjudication, found that the indisputable medical evidence suggested that Mr. Antonellis was permanently disabled, but concluded that he was not disabled. Once again, the decision was appealed to DALA. DALA ruled that the ERRB ignored the medical evidence and granted Mr. Antonellis' retirement application. The ERRB appealed the decision to CRAB, once again, on October 13, 2005.

Given the pace of the last appeal to CRAB, the parties expect a decision on the appeal to be provided during February 2006. If there is an earlier decision, the parties will report it to the Court.

## II.    Status of Settlement in the Instant Case

The parties have exchanged settlement demands and offers. The parties are also willing to attend mediation. However, without resolution of the plaintiff's retirement application, settlement is completely unrealistic, and mediation would be fruitless. The parties are hopeful that once DALA's decision is upheld by CRAB, this matter can be quickly settled.

## III.    Status of Discovery

The parties have exchanged written discovery. The plaintiff has responded. The defendant has not yet responded. The parties have agreed to suspend discovery, including depositions, until the retirement application issue is resolved once and for all.

2

**IV.    <u>Future Handling</u>**

The parties propose that the Court schedule a status conference for late-February

2006. Hopefully, DALA will have reached a decision by this time.

Respectfully submitted,

The Plaintiff                                    The Defendants,
PAUL ANTONELLIS, JR.                             TOWN OF SALISBURY AND TIMOTHY
                                                 MCINERNEY,


*/s/ Robert W. Walker*                           */s/ Gareth W. Notis*
Robert W. Walker, Esq.                           Gareth W. Notis, BBO# 637814
Walker & Associates                              MORRISON MAHONEY LLP
96 Commonwealth Avenue                           250 Summer Street
Concord, MA  01742                               Boston, MA 02210
                                                 (617) 439-7500

3